Christine A. Amalfe, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
*Attorneys for Plaintiff*
*Sabre GLBL, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SABRE GLBL, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>MELODY SHAN, also known as Shan Melody Xiaoyun, WEIYI YANG,<br><br>Defendants. | Civil Action No. |

## COMPLAINT TO AVOID AND RECOVER FRADULENT TRANSFERS AND FOR OTHER RELIEF

Plaintiff, Sabre GLBL, Inc. (collectively, "Plaintiff" or "Sabre"), by its attorneys, Gibbons P.C., by way of Complaint against defendants Melody Shan ("Defendant Shan") and Weiyi Yang ("Defendant Yang"), states:

## PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business located at 3150 Sabre Drive, Southlake, Texas 76092. Sabre is a global technology company servicing approximately 225 airlines worldwide, as well as approximately 700 other customers, including airports, cargo and charter airlines, corporate fleets, governments and tourism boards.

2. Defendant Weiyi Yang is an individual residing in the State of New Jersey at 18 Sortor Road, Skillman, New Jersey. Defendant Yang is the husband of Defendant Shan and for whose benefit the transfer at issue in this Complaint and/or is the immediate or mediate transferee of the initial transfer at issue in this Complaint.

3. Defendant Shan is an individual residing in the State of New Jersey at 18 Sortor Road, Skillman, New Jersey. Defendant Shan is a former employee of Sabre. Shan's last day of employment with Sabre was on September 5, 2014. Defendant Shan is the individual who made the fraudulent transfer at issue in this Complaint.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 inasmuch as the Plaintiff and the Defendant are citizens of different states and the amount in controversy in this matter, exclusive of interests and costs, exceeds the sum of $75,000.00.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) in that, *inter alia*, Plaintiff does business in New Jersey and the real property at issue in this Complaint is located in New Jersey.

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS

6. After Defendant Shan terminated her employment with Sabre, Sabre learned that both during and after Defendant Shan's employment, Defendant Shan stole Sabre's trade secrets and was unlawfully competing with Sabre in violation of her contract with Sabre and in breach of her fiduciary duties to Sabre.

7. On or about November 24, 2015, Sabre filed an eleven-count Complaint against Defendant Shan. The claims included causes of action for breach of contract, breach of fiduciary duty, tortious interference, violation of the New Jersey Trade Secrets Act, and violation of the U.S. Computer Fraud and Abuse Act. The Complaint sought both money damages and equitable relief.

8. The Complaint was stayed pending arbitration before JAMS in Dallas, Texas (hereinafter referred to as the "JAMS Arbitration").

9. On or about November 9, 2016, the Arbitrator in the JAMS Arbitration issued a Revised Scheduling Order setting the dates for the arbitration hearing for September 25-29, 2017.

10. On or about June 20, 2017, the Arbitrator in the JAMS Arbitration issued an Order that no further continuances would be granted in the matter and that the arbitration hearing would take place on September 25-29, 2017.

11. On September 21, 2017, four days prior to the start of the arbitration hearing, Defendant Shan entered into a quitclaim deed in favor of Defendant Yang transferring her ownership interest in the real property located at 18 Sortor Road, Skillman, New Jersey (the "Transfer"). Said quitclaim deed appears to have been recorded in the Somerset County Clerk's Office on October 23, 2017 in Deed Book 6999, Pages 557-564.

12. The Transfer constitutes a transfer of interest of Defendant Shan's ownership of the property to Defendant Yang.

13. Defendant Shan received less than reasonably equivalent value in exchange for the Transfer, in the aggregate amount of $1.00 as evidenced by the quitclaim deed.

14. Defendant Shan did not receive fair consideration for the Transfer.

15. The JAMS Arbitration did in fact begin on September 25, 2017 and continued through September 29, 2017.

16. On or about January 6, 2018, the Arbitrator issued an award finding that Defendant Shan breached her Employee Intellectual Property and Confidentiality Agreements with Sabre, breached her fiduciary duty to Sabre, engaged in tortious interference with Sabre's contracts with its employees, customers and prospective economic advantage, violated the New Jersey Trade Secrets Act, and violated the U.S. Computer Fraud and Abuse Act. Sabre was

awarded damages in the amount of $1,373,318 against Defendant Shan and reasonable and necessary attorney's fees.  The Award also provided Sabre with injunctive relief.

17. As a direct and proximate result of the Transfer, Defendant Shan's creditors, including Sabre, suffered losses amounting to at least the value of the Transfer.

## COUNT I

18. The Transfer was fraudulent within the meaning of N.J.S.A. 25:2-25(a) and (b)(2).

19. The Transfer was made with actual intent to hinder, delay, or defraud any creditor of Defendant Shan.

20. The Transfer was made without receiving a reasonably equivalent value in exchange for the transfer, and Defendant Shan: intended to incur, or believed or reasonably should have believed that Defendant Shan would incur, debts beyond Defendant Shan's ability to pay as they become due.

21. Plaintiff is entitled to avoid the Transfer pursuant to N.J.S.A. 25:2-29(a).

22. Plaintiff is entitled to the avoidance of the Transfer, judgment requiring Defendant Yang to reconvey the transferred interest in the subject real property back to Defendant Shan, and enjoining Defendants from further transferring said interest in the subject real property, for the benefit of Plaintiff's judgment against Defendant Shan, pursuant to N.J.S.A. 25:2-29(a)(1) and (3) and N.J.S.A. 25:2-30(b).

## COUNT II

23. The Transfer was fraudulent as to Plaintiff within the meaning of N.J.S.A. 25:2-27(a).  Plaintiff's claim against Defendant Shan arose before the Transfer was made.

24. The Transfer was made without Defendant Shan's receiving a reasonably equivalent value in exchange for the Transfer and Defendant Shan was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

25. Plaintiff is entitled to avoid the Transfer pursuant to N.J.S.A. 25:2-29(a).

26. Plaintiff is entitled to the avoidance of the Transfer, judgment requiring Defendant Yang to reconvey the transferred interest in the subject real property to Defendant Shan, and enjoining Defendants from further transferring said interest in the subject real property, for the benefit of Plaintiff's judgment against Defendant Shan, pursuant to N.J.S.A. 25:2-29(a)(1) and (3) and N.J.S.A. 25:2-30(b).

WHEREFORE, Plaintiff demands judgment against Defendants (i) avoiding the Transfer to Defendant Yang by Defendant Shan as fraudulent pursuant to N.J.S.A. 25:2-25(a), (b)(2), 25:2-27(a) and 25:2-29(a)(1); (ii) requiring Defendant Yang to reconvey the transferred interest in the subject real property to Defendant Shan and further enjoining Defendants from further transfer or disposition of the subject real property pursuant to N.J.S.A. 25:2-29(a)(3); (iii) awarding interest, attorneys' fees and costs of suit and collection; and (iv) such other relief as the Court deems just and equitable.

By: s/ *Christine A. Amalfe*
Christine A. Amalfe, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5310
Phone: (973) 596-4500
Fax: (973) 596-0545
camalfe@gibbonslaw.com
*Attorneys for Plaintiff*

Dated: January 17, 2018
    Newark, New Jersey